This action concerns an automobile collision occurring on February 16, 1940, at about 3:45 p.m., when the plaintiff was operating her automobile in a westerly direction on Burnside Avenue, a public highway in the Town of East Hartford, Connecticut. At said time and place, an automobile tank wagon truck owned by the defendants and in the care and custody of and operated by their employee, emerged from a private driveway on the southerly side of Burnside Avenue and proceeded northerly directly across said Burnside Avenue. On this day the road was icy and slippery and the snow was piled high on both sides of the street as a result of having been plowed into this position.
At this time the plaintiff was driving her automobile in a westerly direction on said Burnside Avenue at a moderate rate of speed. At a distance of about 125 feet she saw the defendants' truck emerging from a driveway on the south side of Burnside Avenue and at a right angle to said Avenue. It did not appear to her at once that said truck was about to proceed directly across from the south side of the highway to the north side thereof without waiting for her to pass. The operator of defendants' truck, however, drove directly across the street and came to a stop with the front of the truck at the northerly edge of the travelled portion of the road and the rear of said truck in the trolley car tracks in the center of the road, thereby entirely blocking that portion of the road in normal use for westbound traffic and directly in the path of plaintiff's westbound automobile. The driver of the defendants' truck knew the road was icy and very slippery and claims that he did not see the plaintiff's automobile until after the collision. He does not claim that the icy condition of the road caused his truck to slide out of control but that he drove deliberately across the road. There was no evidence that there were any obstructions in the road to block his vision in either direction.
The defendants' driver was entering a public highway from *Page 185 
a private driveway and did not have the right of way (Supp. [1939] § 544e[a]).
He was driving a large tank truck which extended in length enough to entirely block one side of the road when placed at a right angle across the road. The road surface was icy and very slippery, rendering the control of vehicles on the highway difficult, a fact well known to said truck driver. If he didn't see the plaintiff's car approaching in its proper lane, it must be that he was not keeping a proper lookout, which is fundamentally essential and particularly so in view of the conditions under which he was driving this large truck. There was no evidence of excessive speed on the part of the plaintiff, but in fact the small amount of damage negatives that probability. The plaintiff was suddenly confronted with an emergency and proceeded to take the ordinary steps to bring her automobile to a stop, first by applying the brakes. The road surface being icy and slippery resulted in the plaintiff's automobile sliding or skidding on the tires into the defendants' truck.
There was nothing unusual in the action taken by the plaintiff or in the manner in which she attempted to avoid the collision. The fact that plaintiff's automobile slid or skidded on an icy, slippery road does not necessarily show negligence.Porpora vs. City of New Haven, 122 Conn. 80, 85; Shinvillevs. Hanscom, 116 id. 672, 673.
The plaintiff's automobile was damaged to the extent of $69.27 for necessary repairs. The plaintiff also claims to have sustained certain personal injuries in the nature of nervousness and headaches as a result of this accident, but has not consulted a physician. The plaintiff was in a position, if she so desired, to produce expert testimony to assist the court in the determination of the nature and extent of the personal injuries sustained as a result of this accident. This she did not do; therefore, should not complain of the court's refusal to speculate in the matter of an award for personal injuries sustained as a result of this accident.
 The issues are found for the plaintiff and judgment may be entered for the plaintiff to recover from the defendant the sum of $69.27 and costs.